# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HOTEL AIRPORT, INC., A PUERTO RICO CORPORATION; AND DAVID TIRRI, AN INDIVIDUAL<br><br>V.<br><br>BEST WESTERN INTERNATIONAL, INC., AN ARIZONA NON-PROFIT CORPORATION. | CASE NO. _____<br><br>RE: TRADEMARK INFRINGEMENT AND COMMERCIAL DAMAGES |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, **HOTEL AIRPORT, INC.** a Puerto Rico Corporation and **DAVID TIRRI**, resident of San Juan Puerto Rico, through their respective undersigned attorney and respectfully allege and prays:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over claims asserted in this cause of action under 28 U.S.C § 1331. The present cause of action is brought forth under 15 U.S.C §§1051 et seq. against Best Western International, Inc. for trademark infringement and wrongful usage of plaintiff's name and reputation within the Hotel Industry. Jurisdiction is also asserted under 28 U.S.C § 1367 for supplemental jurisdiction over commercial damages under section 1802 of Puerto Rico Civil Code.

2. Venue is appropriate in this judicial district under 28 U.S.C § 1391. The property and business where substantial events or omissions occurred are located within the Commonwealth of Puerto Rico.

## II.  THE PARTIES

3. Plaintiff, Hotel Airport, Inc., doing business as 'San Juan Airport Hotel', ("HAI"), is a corporation organized under the laws of Puerto Rico, with its principal place of business in the Commonwealth of Puerto Rico.

4. Plaintiff, David A. Tirri ("Tirri") is a natural person and a resident of the Commonwealth of Puerto Rico.

5. Defendant Best Western International, Inc. ("Best Western") is a non-profit corporation organized under the Laws of the State of Arizona with its principal headquarters located in Phoenix, Arizona.

## III.  GENERAL DESCRIPTION OF THE CAUSE OF ACTION

6. This action is for trademark infringement and commercial damages under the Lanham Act 15 U.S.C §§ 1051 et seq., section 1802 of the Puerto Rico Civil Code, the Trademark law of the Government of Puerto Rico and a settlement reached by the parties on December 2nd, 2014. Defendant has unlawfully been using Plaintiff's name in their websites under the Best Western name.

7. HAI owns and operates a hotel located in the San Juan International Airport with 125 rooms, a restaurant, various meeting spaces and supporting facilities in an area of approximately 10,000 square feet.

8. It opened its doors for operation on July of 2004.

9. The 'San Juan Airport Hotel' trademark has been used by HAI since July 2004 until the present.

10. The San Juan Airport Hotel currently has yearly sales of over $4,575,000.00 and employs 50 workers.

11. Since July of 2004, the hotel has operated under the tradename of '**San Juan Airport Hotel**'. Attached to the Complaint as Exhibit 1 is a copy of the tradename and logo used by the San Juan Airport Hotel.

12. San Juan Airport Hotel has its own website in which it promotes its hotel facilities, provides information and booking options.[1] A copy of San Juan Airport Hotel's homepage of its website is attached as Exhibit 2.

13. There are no other hotels operating in the San Juan International Airport at present, nor has there been another hotel in the San Juan International Airport in the past.

14. HAI executed a Membership Agreement with Best Western on March 7, 2008.

15. The parties parted ways in December 2014.

16. Notwithstanding, Defendant has continued to show plaintiff's Hotel as a member of the Best Western branch in its websites until the present.

17. Whenever a person searched for 'San Juan Airport Hotel', the search engine directed the party to the Best Western website, thereby providing Best Western an illegal benefit from the use of the 'San Juan Airport Hotel' trademark and creating the impression that HAI still belonged to the Best Western brand. Such misleading information has caused damages to plaintiff estimated in more than $5,000,000.00. Screenshots of the Best Western Websites are attached as Exhibit 3 and 4.

18. Best Western also promoted its brand by using the 'San Juan Airport Hotel' trademark in other third-party websites such as Yelp, Bing, Google, Yahoo & TripAdvisor which misled customers into going to the Best Western website. The Yelp website additionally misled customers by directing them to call the Best Western phone number instead of the 'San Juan Airport Hotel' phone number. A screenshot of the Yelp web page is attached as Exhibit 5.

---

[1] *http://airporthotelpr.com/*

19. Moreover, defendant incorrectly stated that plaintiff's Hotel had no rooms available whenever any potential customer tries to book any rooms through the Best Western website. A screenshot of the Best Western web page showing that there are no rooms available in the 'San Juan Airport Hotel' is attached as Exhibit 6. Such misleading information has caused damages to plaintiff estimated in more than $5,000,000.00.

20. Defendant's misleading information has created the impression within the Hotel community in Puerto Rico that plaintiff's Hotel is no longer operational and thus no longer providing its services. Such misleading information has caused damages to plaintiff estimated in more than $5,000,000.00.

## IV. BACKGROUND AND GENERAL ALLEGATIONS

21. On or about March 27, 2003, HAI leased the facilities which would later become the hotel from the Puerto Rico Port Authority.

22. HAI commenced operations of the 'San Juan Airport Hotel' on or about July 2004.

23. HAI has operated under the 'San Juan Airport Hotel' trademark since that July 2004.

24. On or about March 7th, 2008, HAI and Best Western entered into a Membership agreement whereby 'San Juan Airport Hotel' would affiliate with the Best Western Branch. Upon the conditions on the agreement, Tirri became a Best Western Member and 'San Juan Airport Hotel' an official Best Western affiliate.

25. On August 5, 2011, 'San Juan Airport Hotel' filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico.

26. On or about, July 2nd, 2012, Best Western terminated its membership agreement with Tirri and 'San Juan Airport Hotel'. The parties signed a Mutual Release and Settlement Agreement on or about December 2, 2012.

27. The parties were required to cease using the other party's brand, trademarks and logos effective immediately.

28. The plan of Reorganization at the Bankruptcy Court was confirmed on March 21st, 2013. Since then, 'San Juan Airport Hotel' has continued to manage and operate its Hotel in the ordinary course of business.

29. On or about July 13th, 2013, Best Western filed a Complaint in the United States District Court for the District of Arizona for an alleged breach of contract and trademark infringement.

30. The complaint alleged that 'San Juan Airport Hotel' had continued to use the Best Western brand in its facilities after termination of the Membership Contract.

31. The parties signed a Mutual Release and Settlement Agreement on or about December 2nd, 2014 in which the matter was settled.

32. The Mutual and Released agreement required both parties to stop using each party's name, trademarks and brand for their ongoing business activities.

33. Best Western, illegally and without authorization, continued to use HAI's commercial trademark, 'San Juan Airport Hotel', in its website and other websites such as Yelp. See Exhibits 3, 4 and 5.

34. When a person entered the name 'San Juan Airport Hotel' in a search engine, the search engine directed the person to the Best Western website and other third-party promotional websites which provided the general public with Best Western's contact information. See Exhibits 3, 4 and 5.

35. Best Western's use of the 'San Juan Airport Hotel' trademark caused confusion in the general public, clients and potential clients of HAI.

36. Best Western illegally benefitted from the use of HAI's trademark by directing HAI's potential customers to its website and to their phone numbers.

37. Best Western then incorrectly stated that the 'San Juan Airport Hotel' had no rooms available on any dates entered for booking by potential customers. Thus, Best Western is not only illegally benefiting from the use of 'San Juan Airport Hotel's' trademark, but is also misleading clients as to the availability of rooms at the Hotel. A screenshot of the Best Western Website indicating that there were no available rooms in the 'San Juan Airport Hotel' for a random date is attached as Exhibit 6.

38. HAI estimates that the damages caused to its business from the illegal use of its trademark by Best Western and from the confusion caused by its false representations to the general public and potential clients by claiming that there are no rooms available in the Hotel is upwards to $5,000,000.00.

39. On June 12, 2017, HAI made a request to Best Western to cease and desist from using HAI's trademark.

40. Defendants removed the 'San Juan Airport Hotel' trademark from one of their websites sometime in June of 2017, but has continued to utilize the 'San Juan Airport Hotel' trademark, brand name and images in other of its websites until the present. See Exhibit 4.

41. Furthermore, Defendants have frivolously denied responsibility for the illegal use of the 'San Juan Airport Hotel' trademark, brand name and images.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: TRADEMARK LAW VIOLATIONS UNDER THE "TRADEMARK LAW OF THE GOVERNMENT OF PUERTO RICO". 10 L.P.R.A § 223w.

42. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

43. HAI has used the 'San Juan Hotel Airport Hotel' as its trademark name for years.

44. Best Western knew of the fact that HAI used the 'San Juan Hotel Airport Hotel' trademark.

45. In fact, Best Western included HAI in its website while HAI was a member as 'San Juan Hotel Airport'.

46. Best Western included address, map and phone numbers in its website that refer to HAI's hotel.

47. Notwithstanding the fact that Best Western was required to cease using the 'San Juan Airport Hotel' trademark and brand name when the parties terminated their relationship on December 2, 2012, Best Western has continued using HAI's trademark in its websites until the present date.

48. Best Western has illegally used the 'San Juan Airport Hotel' trademark and brand name for over five years without authorization, confusing customers and the general public.

49. Best Western illegally benefited from the use of the 'San Juan Airport Hotel' trademark by directing HAI's potential customers to their own website.

50. Best Western illegally benefited from the use of the 'San Juan Airport Hotel' trademark by directing HAI's potential customers to other third-party promotional websites which then

directed the customer to the Best Western website and/or provided the contact information for Best Western instead of the 'San Juan Airport Hotel' contact information.

51. Best Western illegally harmed HAI by informing HAI's potential clients that the Hotel was unavailable for any dates requested.

52. Best Western further benefited from the use of the 'San Juan Airport Hotel' trademark by directing HAI's potential clients to other hotels under its brand to the detriment of HAI.

53. Defendant's use of its website to infer that 'San Juan Airport Hotel' had no rooms available at its facilities seriously damaged 'San Juan Airport Hotel's' trademark, brand name and its reputation.

54. Defendants actions caused confusion to the general public and to potential customers with its illegal use of the 'San Juan Airport Hotel' trademark.

55. Defendants actions complained of herein were all committed without plaintiff's consent. Such actions are in strict violation of § 223w of the "TRADEMARK LAW OF THE GOVERNMENT OF PUERTO RICO".

56. Plaintiff is entitled to recover all damages suffered as a result of defendants' illegal conduct under §223w.

57. Plaintiff estimates those damages at no less than $5,000,000.00.

**SECOND CAUSE OF ACTION: FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (LANHAM ACT §43(A), 15 U.S.C. §1125)**

58. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

59. Defendants actions led to confusion in the minds of the general public and HAI's potential customers as to the 'San Juan Airport Hotel' trademark and brand name.

60. Defendants use of the 'San Juan Airport Hotel' trademark misled and confused the general public and potential customers into believing that the San Juan Airport Hotel is still part of the Best Western brand.

61. Defendant's use of the 'San Juan Airport Hotel' trademark misled and confused the general public and potential customers into entering the Best Western website and/or contacting Best Western directly to inquire about reservations in HAI's hotel.

62. Defendant's use of the 'San Juan Airport Hotel' trademark misled and confused the general public and potential customers into believing that there were no hotel rooms available at any time.

63. Defendant's continued operation and competition using HAI's trademark, brand name and location constitutes a false designation of origin and unfair competition under §43(a) of the Lanham act.

64. Defendant's acts of unfair competition entitle Plaintiff to recover damages, attorney's fees and cost pursuant to 15. U.S.C §1117.

65. Plaintiff is entitled to damages suffered as a result of defendant's illegal conduct under 15. U.S.C §1125.

66. Plaintiff estimates its damages to be no less than $5,000,000.00 plus attorney fees and costs.

### THIRD CAUSE OF ACTION: FEDERAL TRADEMARK DILUTION (15 U.S.C § 1125(C)).

67. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

68. Best Western's unlawful use of 'San Juan Airport Hotel' trademark in its websites diluted the trademark and the reputation of HAI.

69. Best Western's unlawful use of 'San Juan Airport Hotel' trademark in other third-party promotional websites diluted the trademark and the reputation of HAI.

70. The unlawful and incorrect characterization by Best Western that HAI had no vacancies or could not provide hotel rooms for any date further harmed and diluted the 'San Juan Airport Hotel' trademark and brand name.

71. Defendant's action through its website created a serious dilution of the reputation and distinctive quality of Plaintiff's trademark. The damage suffered by plaintiff was willfully, with intent to classify plaintiff's hotel as part of the Best Western brand and with intent to divert potential customers to other Best Western branded hotels.

72. Plaintiff is entitled to damages suffered as a result of defendant's illegal conduct under 15 U.S.C §1125(C).

73. The damages caused by the Defendants to the Plaintiff are estimated at no less than $5,000,000.00.

## FOURTH CAUSE OF ACTION: COMMON LAW TRADEMARK INFRINGEMENT

74. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

75. HAI also has common law rights in the 'San Juan Airport Hotel' mark through the use of the mark in commerce, such rights existing long before any use of the mark by defendant.

76. Defendant only started using the 'San Juan Airport Hotel' trademark/brand as part of its franchise agreement with Plaintiff.

77. Defendant's acts caused confusion in the general public and potential customers as to the trademark, its use and the status of the operation of the Hotel.

78. Defendant's acts constitute common law infringement of the 'San Juan Airport Hotel' trademark/brand.

79. Upon information and belief, defendant undertook these acts willfully and with the intent to trade on HAI's reputation and to cause confusion mistake and deception to the public.

80. Upon information and belief, defendant undertook these acts to benefit financially from the use of the 'San Juan Hotel Airport' trademark/brand by using it to direct potential customers to their own website, its phone numbers and their franchised hotels.

81. Upon information and belief, defendants undertook these acts to harm HAI by misleading potential customers to their website and incorrectly informing them that there were no vacancies in the Hotel.

82. Plaintiff is entitled to damages under Common law trademark infringement, which are estimated at no less than $5,000,000.00.

## FIFTH CAUSE OF ACTION: BREACH OF MUTUAL RELEASE AND SETTLEMENT AGREEMENT

83. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

84. Pursuant to the agreement signed by the parties on December 2, 2014, Best Western was required to stop including HAI as one of its member hotel locations. As in the terms of the agreement, Best Western was obligated to remove from public view, and cease all use of the San Juan Airport Hotel' mark in connection to the Hotel, and any device or design containing any part of any 'San Juan Airport Hotel's' symbol, within 15 days after termination of the membership. The release agreement included a prohibition of making any representation, whether direct or indirect, indicating that the Hotel is affiliated with Best Western.

85. Best Western's misleading use of the 'San Juan Airport Hotel' trademark/brand on its websites caused confusion in the general public and caused serious damages to HAI by leading potential customers to believe that there were no rooms available at its facilities.

86. Plaintiff is entitled to damages for violation of the Agreement, which are estimated at no less than $5,000,000.00.

### SIXTH CAUSE OF ACTION: DAMAGES UNDER §1802 OF THE PUERTO RICO CIVIL CODE

87. Plaintiff hereby incorporates by reference the allegations set forth above as though fully set forth herein.

88. Defendants unlawfully and willfully used the 'San Juan Airport Hotel' trademark/brand to divert customers to its website and make a profit. Such actions affected consumer demand for HAI's services by directing them to the Best Western website and Best Western affiliated hotels.

89. Defendant benefited by confusing the public into believing that HAI was part of the Best Western brand.

90. Defendant further harmed the Plaintiff by stating on its website that there were no rooms available at HAI's Hotel facilities on any date.

91. The spreading of such false information by defendant has caused continuing loses in Plaintiff's business due to people's belief that the Hotel has no vacancies and that it is not currently operational.

92. It is estimated that the 'San Juan Airport Hotel' has already lost up to $5,000,000.00 in profits as a result of defendant's actions.

93. Plaintiff is entitled to damages in the amount of not less than $5,000,000.00 under section 1802 of Puerto Rico Code.

**WHEREFORE,** plaintiff request this Honorable Court enter a Judgment against Best Western International and in favor of Hotel Airport, Inc. for damages arising out of (1) the unlawful use by Best Western International of the 'San Juan Airport Hotel' trademark/brand in the amount of not less than $5,000,000.00; (2) the unlawful redirection of customers by Best Western to its own website by using a search engine to link the 'San Juan Airport Hotel' trademark/brand to its own websites; (3) the unlawful misleading of HAI's customers that there were no vacancies at any time leading people to believe that the Hotel was not operating and to award the damages in the amount of not less than $5,000,000.00, plus attorneys' fees and costs.  It is also requested that the Court enter a Judgment prohibiting Best Western from future use of the 'San Juan Airport Hotel' trademark/brand on its websites and any other third party promotional locations and/or websites.

**RESPECTFFULY SUBMITTED**

### CERTIFICATE OF SERVICE

I hereby certify that on this date _____ I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

In San Juan Puerto Rico, this _____

By: /s/ *Rafael A. Gonzalez Valiente*
USDC NO. 225209

Godreau & Gonzalez Law, LLC
PO Box 9024176
San Juan, PR  00902-4176
Telephone:  787-726-0077
*rgv@g-glawpr.com*