```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

_____
                                   )
HOTEL AIRPORT, INC.                )
and DAVID TIRRI,                   )
           Plaintiffs,             )
                                   )
     v.                            )     CIVIL ACTION
                                   )     NO. 18-01216-WGY
BEST WESTERN                       )
INTERNATIONAL, INC.                )
                                   )
           Defendant.              )
_____)


YOUNG, D.J.[1]                                    February 26, 2019

**ORDER**

On April 17, 2018, Hotel Airport, Inc. and David Tirri (collectively, "Hotel Airport") filed a complaint against Best Western International, Inc. ("Best Western"), alleging that Best Western breached federal and Puerto Rico trademark law, a prior settlement agreement between the parties, and its duty of care. See Compl. 7-12, ECF No. 1.  On July 27, 2018, Best Western moved to dismiss or transfer the case, citing forum selection clauses in that prior settlement agreement and Hotel Airport's membership agreement with Best Western.  Def.'s Mot. Dismiss Pls.' Compl. Or, Alternative, Transfer Venue And Mem. Law Supp. Thereof ("Best Western Mot.") 1, ECF No. 9.  Hotel Airport filed

---

[1] Of the District of Massachusetts, sitting by designation.

a three-page opposition on September 17, 2018.  Opp'n Mot. Dismiss Or Alternative Transfer Venue, ECF No. 17.  Best Western replied to Hotel Airport's opposition on September 26, 2018.  Def.'s Reply Supp. Mot. Dismiss Pls.' Compl. Or, Alternative, Transfer Venue, ECF No. 20.

Hotel Airport moved to amend its complaint on February 14, 2019, the same day as the hearing on Best Western's motion.  See Order, ECF No. 22; Mot. Leave File Am. Compl. ("Mot. Leave"), ECF No. 25.  The proposed amended complaint omitted the cause of action for breach of the settlement agreement, in an attempt to moot Best Western's motion to transfer.  Mot. Leave 4-5.  At the hearing, the Court ordered the parties to file supplemental briefing on the impact of the proposed amended complaint on Best Western's motion within seven days.  Minute Order, ECF No. 26.  The parties filed supplemental briefs on February 21, 2019.  Def.'s Post-Hearing Suppl. Br. Supp. Mot. Dismiss Pls.' Compl. Or Alternative Transfer Venue, ECF No. 27; Suppl. Opp'n Mot. Dismiss Or Alternative Transfer Venue, ECF No. 28.

After careful review of all the parties' submissions, including the original and proposed amended complaints, the Court transfers the case to the District of Arizona.  See 28 U.S.C. § 1404(a).  The mandatory forum selection clauses here cover both complaints' claims, and Hotel Airport does not make a "strong showing" against court enforcement.  See Autoridad de

Energia Electrica de P.R. v. Vitol S.A., 859 F.3d 140, 145 (1st Cir. 2017) (quoting Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014); Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 292 (1st Cir. 2015)).

All of Hotel Airport's counts "aris[e] from or relat[e] to" its prior dealings with Best Western. See Best Western Mot. Ex. A, Membership Appl. and Agreement 8, ECF No. 9-2 (requiring such claims to be litigated in Maricopa County, Arizona); see also Best Western Mot., Ex. F, Mutual Release and Settlement Agreement ¶ 25, ECF No. 9-2 (in settlement of dispute regarding Best Western's termination of Hotel Airport's membership, providing that "[a]ny legal action relating to this Agreement shall be brought in the United States District Court for the District of Arizona"). Best Western's alleged infringement and other wrongful acts stem from its alleged failure to remove references to Hotel Airport's status as a member hotel from its website. See Compl. ¶¶ 16-20 (alleging that Best Western did not eliminate Hotel Airport from its website after the membership agreement terminated, thus misdirecting potential guests and causing Hotel Airport harm); Mot. Leave, Ex. 1., Am. Compl. ¶¶ 16-20, ECF No. 25-1 (same). Hotel Airport's allegations thus relate to its membership in Best Western. See Huffington v. T.C. Grp., LLC, 637 F.3d 18, 22 (1st Cir. 2011) (observing that "relating to" is a phrase that covers claims

that lack a causal connection and means "simply 'connected by reason of an established or discoverable relation.'") (quoting Coregis Ins. Co. v. American Health Found., Inc., 241 F.3d 123, 128-29 (2d Cir. 2001) (Sotomayor, J.) (collecting authorities); and citing John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1074-75 (3d Cir. 1997) (Alito, J.)).

Moreover, Hotel Airport failed to show that the Court ought decline to enforce the forum selection clause because it has previously litigated in the Arizona federal district court, see Best Western Mot., Ex. F, Mutual Release and Settlement Agreement 2-3, and the expense of litigating alone cannot justify avoiding a forum selection clause, see Furness v. Wright Med. Techs. (In re Mercurio), 402 F.3d 62, 66 (1st Cir. 2005).

Therefore, Hotel Airport must litigate this action in the Arizona federal district court.  The Court thus DENIES the motion to dismiss but GRANTS the motion to transfer, ECF No. 9.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE