Brian W. LaCorte (#012237)
lacorteb@ballardspahr.com
Michael A. DiGiacomo (#032251)
digiacomom@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
*Attorneys for Defendant*
*Best Western International, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Hotel Airport, Inc., a Puerto Rico corporation; and David Tirri, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Best Western International, Inc., an Arizona non-profit corporation,<br><br>Defendant. | No. CV-19-01393-PHX-DLR<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION REQUESTING EXTENSION OF DISCOVERY PERIOD** |

Defendant, Best Western International, Inc. ("BWI"), hereby responds to Plaintiffs' request to extend certain dates in the litigation calendar, captioned "Motion Requesting Extension of Discovery Period" (Doc. 71). As set out in more detail below, Plaintiffs' motion misstates the record and the circumstances leading to its post-discovery cutoff request to change the Court's Rule 16 schedule.

Defendant does not oppose the Plaintiffs taking a 30(b)(6) deposition of BWI on January 27, 2020, outside the now-expired fact discovery period. But to be clear, BWI does object to Plaintiffs' misstatement of the record and their related "requests" concerning extending the expert witness deadlines and presumably the dispositive motion deadline. BWI opposes re-opening the fact discovery period or extending the expert witness phase

of this case, let alone postponing the entire litigation schedule.

## I.      INTRODUCTION

Federal court litigation is serious business. Here, Plaintiffs have sued BWI claiming at least $5 Million in damages. *See* Plaintiffs' Amended Complaint, Doc. 48, ¶¶ 16, 18, 19, 37, 56, 65, 72, 81, 87, 88, and prayer for relief. Besides initiating this action in the wrong federal forum, Plaintiffs have treated this case as anything but serious, largely failing to prosecute the case while disregarding deadlines and procedural requirements.

Examples of this are legion. Plaintiffs never served Defendant with the MIDP Order, as instructed upon transfer from Puerto Rico to Arizona (Doc. 33). *See* Declaration of Brian W. LaCorte ("LaCorte Decl."), ¶¶ 4-5, attached as Exhibit A hereto. This requirement is presumably part of this District's effort to have both sides gain familiarity with the MIDP and comply with it. Plaintiffs indeed ignored the MIDP process altogether, never submitting MIDP initial discovery responses or disclosures in the form and substance required-- instead submitting only a skeletal Rule 26 Disclosure that was not the required fulsome disclosure of probative information/records relevant to the case.[1] Defendant timely submitted its MIDP and related documents and disclosures, supplementing the same throughout the discovery period (Docs. 56, 58, 63, 64, and 70).

Plaintiffs also failed to timely respond to BWI's discovery, including failure to respond to requests for admissions, and did not seek leave for an out-of-time response. *See See* Exhibit A, LaCorte Decl., ¶ 5. To date, Plaintiffs owe document production to BWI. *Id.* at ¶ 7.

Worse yet, Plaintiffs themselves propounded document requests that were largely

---

[1] The Court expressly notified the parties regarding these requirements and Plaintiffs obligation to serve the Order and comply with the Pilot (Doc. 33)("The key features and deadlines are set forth in the attached Notice which includes General Order 17-08. Also attached is a checklist for use by the parties. All parties must respond to the mandatory initial discovery requests set forth in the General Order before initiating any further discovery in this case. Please note: The discovery obligations in the General Order supersede the disclosures required by Rule 26(a)(1)"). Plaintiffs simply disregarded this entirely.

nonsense, asking BWI for:

> *The documents you have that support the allegations in the complaint.*
>
> *a.     The documents you used to prepare the complaint.*
>
> *b.     Files of Best Western International related to the causes of action in this complaint, among others.*
>
> *c.     The documents that you used to prepare to answers this interrogatories and requirements of admissions.*
>
> *d.     Any other document, mentioned or not in the Complaint or in this Request for Documents, that the plaintiff intends to use in the trial.*

*See* Exhibit A, LaCorte Decl., ¶ 6. Plaintiffs were clearly using the wrong version of prior discovery in a cut and paste process. Defendant BWI did not prepare the "complaint" or have files related to the causes of action, nor did it have documents "plaintiff intends to use at trial." Plaintiffs did not propound "requirements of admissions (sic)" and BWI did not have documents of this nature. *Id.*

Then, in October 2019, Plaintiffs waited until the last moment to cancel a long-scheduled deposition of co-Plaintiff David Tirri, set to occur before a scheduled mediation, with half truths about the basis for such cancellation, in violation of the Court's instruction during a discovery dispute hearing to explain the basis of the delay and the purported medical issue behind that cancellation (as detailed on p. 5 *infra,* Plaintiffs admitted they had no notice from their counsel about the deposition until a week or two before the October 17 deposition, notwithstanding that it was noticed in August; they further admitted their travel plans could have accommodated the original deposition date and the "medical procedure" was actually a consultation that Plaintiffs refused to explain to their counsel, hanging up on him when he inquired pursuant to this Court's request for more information).

Plaintiffs have to date not fully produced records they admitted exist in their deposition testimony and blew past the November 2019 expert witness deadline, never producing an expert disclosure or report, notwithstanding admitting in testimony that their expert had a draft report last October. *See* Exhibit A, LaCorte Decl., ¶¶ 8-9.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Plaintiffs now present a vague request to re-open the closed discovery period, not only for a Rule 30(b)(6) deposition of BWI, but also for follow on discovery and expert disclosure, while failing to disclose to the Bench that this latest mess was created by Plaintiffs yet again cancelling a deposition at the last minute, with Plaintiffs quashing a scheduled December 11, 2019 30(b)(6) deposition of BWI at the eleventh hour, just before fact discovery closed. *See* Exhibit A, LaCorte Decl., ¶ 15.

Plaintiffs' failure to meet deadlines and discovery obligations is more than just inattentive lawyering; Plaintiffs' actions show utter disregard for responsible prosecution of their claims and deliberate non-compliance with deadlines and rules of procedure. Enough is enough.

## II. ACCURATE RECORD OF EVENTS LEADING TO PLAINTIFFS' LATEST MOTION

Plaintiffs[2] suggest in their Motion (Doc. 71, p. 1) that "Plaintiffs and Defendants have been trying to set up a date for the Deposition (sic) of Best Western since early December 2019." This statement is misleading. Actually, it was mid-November 2019 when Plaintiffs first noticed the 30(b)(6) deposition of BWI to take place on the afternoon of December 5 and the full day of December 6, 2019. *See* Exhibit A, LaCorte Decl., ¶ 13. Plaintiffs did so without first inquiring as to the availability of the witnesses or counsel. Neither BWI's designees nor counsel could appear on December 5 and 6. *Id.* ***Of note, Plaintiffs waited until November 15, 2019 to notice a deposition for early December that Plaintiffs now suggest was necessary for an expert report that was originally due***

---

[2] Plaintiffs have referred to themselves throughout this case both in the singular and plural. It is not entirely clear whether co-plaintiff David Tirri intends to remain in the case. In Plaintiffs Amended Complaint (Doc. 48), Plaintiffs refer to themselves in the caption as "et. al." without identifying David Tirri in the description of the parties. Plaintiffs have inconsistently referenced their side as either a singular plaintiff, the corporate entity Hotel Airport, Inc., or in the plural, including co-Plaintiff David Tirri, an individual principal of Hotel Airport, Inc. The instant motion involves "Plaintiffs." To BWI's knowledge, David Tirri remains a co-Plaintiff. It is important to denote the correct parties in this matter as BWI intends to pursue summary judgment and attorneys' fees against both Hotel Airport, Inc. and David Tirri, the original and remaining Plaintiffs in this action.

***November 22, 2019. Even had Plaintiffs taken the deposition of BWI during the fact discovery period, it would still have been too late for their expert disclosure deadline.***

At any rate, prior to the Thanksgiving holiday, undersigned counsel repeatedly communicated with Plaintiffs' counsel about alternative deposition scheduling and ultimately cleared the date of December 11, 2019 as the firm date for the 30(b)(6) deposition of BWI, to which Plaintiffs agreed. *See* Exhibit A, LaCorte Decl., ¶ 14. Throughout these discussions, undersigned counsel proposed dates within the fact discovery period, accounting for the fact that the discovery cutoff was December 15, 2019 (which had already been extended by the Court at Plaintiffs' request (Doc. 62)). This was no easy process – BWI's designees for the 30(b)(6) deposition are high ranking officials with extremely demanding year-end schedules; BWI expected the deposition to take place as agreed.

In fact, BWI prepared for the December 11 deposition at length and was in the final preparation stages on December 9, 2019 when Plaintiffs' counsel suddenly canceled the deposition by email, stating that he and his family were suffering "flu symptoms" and were "ordered to take Tamiflu and bed rest (*sic*)." *See* Exhibit A, LaCorte Decl., ¶¶ 15-16.

This was a last-minute cancellation that on its face appeared thin.[3] This sudden cancellation also wreaked havoc with the litigation schedule, as the fact discovery period was set to expire on December 15, 2019.

Following the December 9, 2019 cancellation, undersigned counsel engaged in a series of negotiations with opposing counsel seeking several days in December 2019 for

---

[3] As stated above, Plaintiffs' track record with cancelling depositions based on medical circumstances is questionable, to say the least. The Court requested Plaintiffs and their counsel to submit a written explanation of the medical procedure that Plaintiffs vaguely described in cancelling the deposition of David Tirri set for October 16, 2019. No such filing or disclosure was ever made by Plaintiffs. When undersigned counsel inquired of David Tirri about the circumstances of the travel and related medical issues, the testimony made clear that these circumstances were not an adequate basis to cancel and reschedule the deposition. It appears that Mr. Tirri was being obstinate and acting above the Court's procedure and requirements in taking the positions presented to the Court. *See* Exhibit A, LaCorte Decl., ¶¶ 10-12 and related excerpts from the deposition of David Tirri.

5

the new 30(b)(6) deposition date and Plaintiffs plan for dealing with the impact it would have on the Court's schedule. *See* Exhibit A, LaCorte Decl., ¶¶ 16-17. Repeatedly, undersigned counsel made it clear that BWI would be willing to reschedule the deposition of BWI, but only with the Court's permission given it would occur outside the discovery cutoff, and only if all other deadlines remained in place. Plaintiffs' counsel insisted on certain dates and made no representation as to how to address the same with the Court. Undersigned counsel had to demand Plaintiffs' counsel go to the Court for permission to take the BWI deposition after the discovery cut-off. *Id.* Plaintiffs' misleading motion followed.

Worse, Plaintiffs let several deadlines in this case come and go without approaching the Court. While the parties did ultimately agree on a proposed 30(b)(6) deposition date of January 27, 2020 for both BWI designees, Plaintiffs nevertheless allowed their expert witness deadline of November 22, 2019 (Doc. 55: Plaintiffs shall provide a full and complete expert disclosure as required by Rule 26(a)(2)(A)-(C)) as well as the deadline for fact discovery (December 15, 2019 as extended by the Court at Doc. 62) to come and go.

Notably, Plaintiffs disclosed in their October 2019 testimony that they had a draft expert report that was reviewed by witness David Tirri as early as Mr. Tirri's deposition on October 17, 2019. *See* Exhibit A, LaCorte Decl., ¶¶ 8-9. But Plaintiffs never disclosed the Report on the November 22, 2019 deadline. In addition, BWI fully responded to the litany of odd discovery propounded by Plaintiffs, often anticipating what Plaintiffs were attempting to ask in order make full and complete disclosures in this case.[4] *See* Exhibit A, LaCorte Decl., ¶ 6. Ample evidence was thus available to Plaintiffs expert well before the

---

[4] As stated above, Plaintiffs' document requests can only be described as utterly deficient. BWI nonetheless responded to these types of nonsensical discovery requests by providing information and facts, along with documents, that supported BWI's defenses and BWI's positions regarding what happened with this limited erroneous Internet link at issue in the case. *See* Exhibit A, LaCorte Decl., ¶ 6. BWI has provided complete information necessary for Plaintiffs to disclose an expert report. It is entirely unclear why Plaintiffs never produced at least the version of the expert report that existed on November 22, 2019, or articulated what they needed from BWI for their own damages calculation.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

November 2019 deadline.

Equally important, BWI did comply with its expert disclosure deadline in December 2019 (Doc. 69 – Notice of Service of Expert Report). On December 20, 2019, BWI produced the expert report of Jonathan Hochman regarding the lack of evidence or sufficiency of Plaintiffs' proof in connection with the alleged Internet or trademark confusion or e-commerce impact on Plaintiffs' business by virtue of the erroneous link on the BWI website. Defendant's expert also opined regarding the lack of any provable damages in this matter.

Presumably, Plaintiffs will miss the upcoming rebuttal expert disclosure deadline of January 20, 2020, and Plaintiffs' motion mentions nothing about extending this deadline. Likewise, Plaintiffs' motion mentions nothing about the expert deposition cut-off in this case of February 20, 2020, nor the dispositive motion deadline of March 20, 2020.

Instead, Plaintiffs cavalierly suggest that they will require "a month" after the 30(b)(6) deposition of BWI to "prepare and present" Plaintiffs' expert report (Doc. 71, p. 2). This begs the question why Plaintiffs originally attempted to schedule the BWI deposition *after* the deadline for their expert report.

At any rate, extending Plaintiffs' original expert deadline of November 22, 2019 to February 27, 2020 prejudices BWI. It eliminates the possibility for a timely rebuttal by Defendant's expert, and it likewise abuts the March 20, 2020 dispositive motion deadline, a milepost that is of significance to Defendant BWI as it intends to file a dispositive motion and attorneys' fees request on March 20.

### III. PLAINTIFFS CANNOT SHOW CAUSE AS TO WHY EXPIRED OR UPCOMING DEADLINES SHOULD BE RESET

Plaintiffs' Motion does not properly deal with the many deadlines that have already expired in this case. Plaintiff does not show just cause why they should be reset. Plaintiffs have casually allowed these deadlines to expire without approaching the Court requesting extensions or fully prosecuting their case. Plaintiffs have not disclosed to the Court that they have missed these deadlines or why the deposition of BWI is necessary for Plaintiffs

7

to produce their expert report in the first place.

It is Plaintiffs who presumably had a Rule 11 basis for alleging in their Complaint that Plaintiffs suffered at least $5 Million in damages. Plaintiffs' deposition testimony suggests instead that this case is mere retribution for having to pay settlement funds to BWI in a prior dispute over membership termination. *See* Exhibit A, LaCorte Decl., ¶ 18. If Plaintiffs had a basis to allege $5 Million in damages or the jurisdictional prerequisite for that matter, Plaintiffs should have been armed with sufficient information as to the alleged financial impact on their business to produce an expert witness report on damages. Certainly, Plaintiffs have had sufficient time and information through fact discovery (virtually entirely disclosed by BWI under the MIDP given the inane discovery requests propounded by Plaintiffs) to allow for an expert witness to opine on liability. Plaintiffs have done nothing on this front.

Deposing BWI officials should not be the prerequisite for Plaintiffs' damages calculations, nor was that the case when Mr. Tirri described Plaintiffs' damages. In any event, even if such a deposition were necessary, the responsible approach by Plaintiffs and their counsel should have been to approach the Court for an extension of the discovery and expert witness deadlines, rather than unilaterally cancel a deposition because of "flu symptoms" and disregard the deadlines while they expired.

In short, Plaintiffs' motion inaccurately sets the record out to the Court, glosses over violation of prior deadlines, and presents no workable solution to the predicament created by Plaintiffs in cancelling the December 11, 2019 deposition or missing the November 22, 2019 expert witness deadline.

Because these deadlines have come and gone by several weeks, Plaintiffs should not be able to manufacture a new schedule in such a vague request. At most, the Court should allow an out-of-discovery period deposition of BWI's 30(b)(6) designees on January 27, 2020. Plaintiffs should thereafter present their case with the evidence they have, and this matter should proceed to the summary judgment stage at the date set in the Court's Rule 16 order (Doc. 55).

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

RESPECTFULLY SUBMITTED this 17th day of January, 2020.

BALLARD SPAHR LLP

By: */s/ Brian W. LaCorte*
    Brian W. LaCorte
    Michael A. DiGiacomo
    1 East Washington Street, Suite 2300
    Phoenix, AZ 85004-2555
    Telephone: 602.798.5400
    Facsimile: 602.798.5595

*Attorneys for Defendant*
*Best Western International, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on the 17th day of January, 2020, I electronically transmitted a PDF version of the foregoing document to the office of the Clerk of the Court, using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

By: */s/ Mary Strobel*